IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**LAWRENCE SHARPE**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

        Case No.: 22-cv-188

  v.

**STAR PROTECTION AND PATROL LLC**
c/o Zachary Taft
1222 W. South Park Ave.
Oshkosh, WI 54902-6642,

        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff, Lawrence Sharpe ("Plaintiff"), on his own behalf and on behalf of the members of the proposed classes identified below. During the three years preceding this lawsuit, Plaintiff was employed by Star Protection and Patrol LLC ("Defendant") as a security officer. During his employment, Plaintiff was denied overtime wages under an illegal pay policy. Under this policy, Defendant categorized $0.50 per hour of the wages of Plaintiff and the putative class and collective members as a "uniform allowance," then failed to include the value of the uniform allowance in the regular rate of pay when calculating overtime pay rates. Additionally, Defendant also regularly failed to pay the promised uniform allowance. By failing to include the

value of the uniform allowance in the regular rate of pay, Defendant violated the Fair Labor Standards Act (FLSA) and Wisconsin wage-and-hour law, both of which require employers to include such allowances in the regular rate of pay. And by regularly failing to pay the promised uniform allowance, Defendant violated Wisconsin wage-and-hour law, which requires employers to pay all wages within 31 days of when they are earned. Plaintiff and the putative class and collective members are similarly situated under Federal Rule of Civil Procedure 23 and the FLSA as they commonly suffered, and continue to suffer, wage losses as a result of Defendant's illegal pay policy.

## JURISDICTION AND VENUE

2.      The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

3.      Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

4.      Plaintiff Lawrence Sharpe is an adult resident of Madison, Wisconsin. Plaintiff was employed as a security officer by Defendant during the three years preceding this Complaint until January 2022. Plaintiff was classified as FLSA non-

exempt in this position and paid hourly wages, including overtime wages. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. His consent form is filed as **Exhibit A**.

5. Defendant Star Protection and Patrol LLC is a domestic business with its principal place of business in Oshkosh, Wisconsin. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d). Defendant's registered agent for service of process is Zachary Taft, 1222 W. South Park Ave., Oshkosh, Wisconsin.

## FACTUAL ALLEGATIONS

6. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class and collective members are or were employed by Defendant.

7. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the putative class and collective members were classified by Defendant as non-exempt from overtime wages.

8. Throughout the three-year period preceding the filing of this Complaint, Defendant categorized $0.50 per hour of the wages of Plaintiff and the putative class and collective members as a "uniform allowance."

9. Throughout the three-year period preceding the filing of this Complaint, Defendant failed to include the value of the uniform allowance in the regular rate of pay when calculating overtime pay rates for Plaintiff and the putative class and collective members.

3

10. Throughout the three-year period preceding the filing of this Complaint, Defendant often failed entirely to pay Plaintiff and the putative class and collective members the promised $0.50 per hour of their wages classified as a uniform allowance.

11. Plaintiff brings this action on behalf of himself and on behalf of other similarly situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly situated employees is defined as:

> All persons who: (1) have been or are employed by Star Protection and Patrol LLC, and who were classified as non-exempt from overtime wages, at any time during the past three years; and (2) had a portion of their hourly rate of pay designated as a "uniform allowance" that Star Protection and Patrol LLC failed to include in their regular rates of pay when calculating their overtime pay rates.

12. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees, pursuant to Federal Rule of Civil Procedure 23. The **Unpaid Overtime Wage Class** is defined as:

> All persons who: (1) have been or are employed by Star Protection and Patrol LLC, and who were classified as non-exempt from overtime wages, at any time during the past two years; and (2) had a portion of their hourly rate of pay designated as a "uniform allowance" that Star Protection and Patrol LLC failed to include in their regular rates of pay when calculating their overtime pay rates.

13. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees, pursuant to Federal Rule of Civil Procedure 23. The **Unpaid Uniform Allowance Class** is defined as:

> All persons who: (1) have been or are employed by Star Protection and Patrol LLC at any time during the past two years; and (2) had a portion of their hourly rate of pay designated as a "uniform allowance" that Star Protection and Patrol LLC failed to pay in one or more paychecks.

## CLASS ALLEGATIONS

14. Plaintiff brings the Second and Third Claims for Relief on his own behalf and on behalf of the Unpaid Overtime Wage Class and on behalf of the Unpaid Uniform Allowance Class, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

15. The persons in the Unpaid Overtime Wage Class and the Unpaid Uniform Allowance Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 100 people who satisfy each class definition.

16. There are questions of law and fact common to the Unpaid Overtime Wage Class and the Unpaid Uniform Allowance Class that are capable of class-wide resolution, the determination of which will resolve issues central to the validity of the class claims, including, but not limited to:

> (a) Whether Defendant maintained a common practice and policy of designating a portion of the hourly wages of Plaintiff and members of the putative class as a uniform allowance;
>
> (b) Whether Defendant maintained a common practice and policy of unlawfully failing to include the value of the uniform allowance in calculating the overtime rates of pay for Plaintiff and members of the putative class;

5

       (c) Whether Defendant maintained a common practice and policy of unlawfully regularly failing to include the uniform allowance when paying Plaintiff and members of the putative class; and

       (d) The proper measure of damages sustained by Plaintiff and members of the putative class.

17. Plaintiff's claims are typical of those of the Unpaid Overtime Wage Class and the Unpaid Uniform Allowance Class. Plaintiff, like the other members of these classes, was subjected to Defendant's illegal pay policies and practices of refusing to include the value of the uniform allowance in calculating his overtime rate of pay and of failing to include the uniform allowance in his wages, resulting in a wage loss.

18. Plaintiff will fairly and adequately protect the interests of the Unpaid Overtime Wage Class and the Unpaid Uniform Allowance Class and has retained counsel experienced in complex wage-and-hour litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant.

20. Certification of the Unpaid Overtime Wage Class and the Unpaid Uniform Allowance Class is appropriate under Rule 23(b)(3) because questions of law and fact common to these classes predominate over any questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's

common and uniform policies and practices denied the class members the wages for work performed to which they are entitled. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

21. Plaintiff intends to send notice to all members of the Unpaid Overtime Wage Class and the Unpaid Uniform Allowance Class to the extent required by Rule 23.

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

23. Plaintiff and members of the Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

24. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

25. The FLSA defines the regular rate of pay "to include all remuneration for employment paid to . . . the employee," subject to exceptions not at issue here. 29 U.S.C. § 207(e).

26.     During the applicable statute of limitations up to and continuing through the present, Defendant failed to include the value of the uniform allowance in the regular rates of pay for Plaintiff and members of the Collective Class for the purpose of calculating their overtime rates of pay.

27.     This practice violates the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiff and members of the Collective Class have suffered and continue to suffer wage loss.

28.     Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the Collective Class overtime wages in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

29.     Plaintiff, individually and on behalf of the Unpaid Overtime Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

30.     The foregoing conduct, as alleged, violates, Wis. Stat. §§ 103.02 and 109.03 and Wis. Admin. Code § DWD 274.03.

31.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

32.     At all relevant times, Plaintiff and members of the putative Unpaid Overtime Wage Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

33. Wisconsin law requires an employer to pay all non-exempt employees overtime compensation at a rate of not less than one-and-one-half times their regular rate of pay. Wis. Stat. § 103.02; Wis. Admin. Code § DWD 274.03.

34. Wisconsin law requires an employer to include "all remunerations paid to . . . the employee" when calculating the employee's regular rate of pay. *See Dokey v. Spancrete, Inc.*, No. 19-CV-921-JPS, 2021 U.S. Dist. LEXIS 27715, at *2 n.2 (E.D. Wis. Feb. 12, 2021).

35. Wisconsin law requires employers to pay all wages earned within 31 days of when they are earned. Wis. Stat. § 109.03.

36. Plaintiff and members of the Unpaid Overtime Wage Class are not exempt from the overtime pay requirements of Wisconsin law.

37. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to pay all overtime wages to Plaintiff and members of the Unpaid Overtime Wage Class for those weeks in which they worked in excess of 40 hours by failing to include the value of the uniform allowance in the regular rate of pay.

38. As a result of Defendant's willful failure to pay overtime wages earned and due to Plaintiff and members of the putative Unpaid Overtime Wage Class, Defendant has violated, and continues to violate, Wis. Stat. §§ 103.03 and 109.03, and Wis. Admin. Code § DWD 274.03.

39. Plaintiff, on behalf of himself and members of the Unpaid Overtime Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

40. Plaintiff, on behalf of himself and members of the putative Unpaid Overtime Wage Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW

41. Plaintiff, individually and on behalf of the Unpaid Uniform Allowance Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

42. The foregoing conduct, as alleged, violates Wis. Stat. § 109.03.

43. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

44. At all relevant times, Plaintiff and members of the putative Unpaid Uniform Allowance Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

45. Wisconsin law requires employers to pay all wages earned within 31 days of when they are earned. Wis. Stat. § 109.03.

46. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to

pay all earned wages to Plaintiff and members of the Unpaid Uniform Allowance Class by regularly failing to include the uniform allowance in their wages.

47. As a result of Defendant's willful failure to pay wages earned and due to Plaintiff and members of the putative Unpaid Uniform Allowance Class, Defendant has violated, and continues to violate, Wis. Stat. § 109.03.

48. Plaintiff, on behalf of himself and members of the Unpaid Uniform Allowance Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

49. Plaintiff, on behalf of himself and members of the putative Unpaid Uniform Allowance Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. § 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective Class, the Unpaid Overtime Wage Class, and the Unpaid Uniform Allowance Class, prays for the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class;

B. An order certifying this action as a class action on behalf of the proposed Unpaid Overtime Wage Class under Federal Rule of Civil Procedure 23(b)(3);

11

    C.    An order designating Lawrence Sharpe as representative of the Unpaid Overtime Wage Class;

    D.    An order certifying this action as a class action on behalf of the proposed Unpaid Uniform Allowance Class under Federal Rule of Civil Procedure 23(b)(3);

    E.    An order designating Lawrence Sharpe as representative of the Unpaid Uniform Allowance Class;

    F.    An order designating Hawks Quindel, S.C. as class counsel;

    G.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

    H.    An order finding that Defendant violated the FLSA and Wisconsin wage-and-hour laws;

    I.    Judgment against Defendant in the amount equal to Plaintiff's, the Collective Class's, the Unpaid Overtime Wage Class's, and the Unpaid Uniform Allowance Class's unpaid back wages at the applicable regular and overtime rates;

    J.    An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

    K.    An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

    L.    Leave to amend the Complaint to add additional claims; and

    M.    Such further relief as the Court deems just and equitable.

Respectfully submitted this 4th day of April, 2022.

        Attorneys for the Plaintiff

        By: */s/David C. Zoeller*
        **HAWKS QUINDEL, S.C.**
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Aaron J. Bibb, State Bar No. 1104662
        Email: abibb@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236